# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

January 31, 2007

Donald Page
296 Cleveland Street
Orange, NJ 07050

    (*Plaintiff* Pro Se)

Peter William Till
Law Offices of Peter W. Till
105 Morris Ave.
Suite 201
Springfield, NJ 07081

    (*Attorney for Defendant Marvin T. Braker*)

Edward J. Kologi
923 North Wood Ave.
Linden, NJ 07036

    (*Attorney for Defendants Tency A. Eason,*
    *Coram Rimes, and Maria C. Vandermeer*)


    **RE:**     **Donald Page v. Marvin T. Braker, et al.**
            **Civ. No. 06-cv-2067 (WJM)**

Dear Litigants:

    This matter comes before the Court on Defendant Marvin T. Braker's ("Braker") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  There was no oral

argument. Fed. R. Civ. P. 78. For the following reasons, Braker's motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** in its entirety.

## Background

The facts of this case surround a City of Orange (the "City") council meeting held on March 21, 2006. At the meeting, Plaintiff *pro se* Donald Page ("Page"), a City councilman, voiced concerns over African-American participation in a parking lot renovation project. (Affidavit of Peter Till, Exh. 2 [*hereinafter* Till Aff.].) Specifically, Page took issue with the City's definition of the word "minority," as used in an affirmative action statute. (*See id.*) While voicing his concerns over the definition of the term, Page stated that he "did not consider white females to be minorities." (Compl. ¶ 9.) Page also remarked that any definition of the word "minority" should specifically include African-Americans, otherwise, as he stated, "when you talk about a minority [sic] may be an Hispanic, or a Mexican, or something, or a white female." (Till Aff., Exh. 2.) Various council members found these remarks offensive. (*See id.*)

As a result, certain council members put forth a call to censure Page. (*Id.*, Exh. 7.) On April 17, 2006, Page wrote to Braker, who is the City's attorney, asking him to "explain ... [w]hat the act of 'censure' means regarding a councilperson," and "by what authority, code, ordinance, etc. does the administration or the city council has [sic] the right to censure a council person." (*Id.*, Exh. 6.) Braker responded the same day by letter. (*Id.*) In it, Braker defined the term "censure" and referred Page to a provision of the City code authorizing the introduction of resolutions by council members. (*Id.*)

On April 18, the City council introduced and voted on a resolution to censure Page. (*Id.* Exh. 7.) At the hearing, the council requested advice from Braker regarding whether Page could vote on the resolution. (Statement of Undisptuded Material Facts Pursuant to Local Rule 56.1 ¶ 9 [*hereinafter* Braker's Rule 56.1 St.].) Braker opined that Page could not participate in the vote because of his personal interest in the outcome. (*Id.*.) The council then passed the resolution by a 3-2 margin. (Till Aff., Exh. 7.) The resolution stated, in relevant part, that:

> Council member Donald Page's remarks referencing in a negative way "Hispanics, Mexicans and white women", in no way reflects the sentiment and or character of members of this governing body....

(*Id.*) The resolution concluded that "the Municipal Council hereby disassociates itself from such remarks as they are not reflective of the governing body's feelings or sentiment towards any of our residents." (*Id.*, Exh. 7.) The council took no other action regarding Page's comments. (*See id.*)

On April 24, 2006, Page wrote again to Braker asking for an explanation why he could not participate in the vote. (*Id.*, Exh. 8.) Braker responded by letter on April 28, 2006. (*Id.*, Exh. 9.) In the letter, Braker stated that Page could not participate in the vote because he had a

direct personal interest in the outcome. (*Id.*)  In addition, Braker remarked that allowing him to participate in light of the conflict would have resulted in monetary penalties. (*Id.*)

On May 4, 2006, Page sued Braker, along with three council members, for violating his free speech rights under the First Amendment to the United States Constitution.[1]  U.S. Const. amend. 1.  Braker now moves for summary judgment.  In his motion, he asks the Court to dismiss Page's complaint for two reasons: (1) on grounds of qualified immunity; and (2) for failure to establish a First Amendment violation.  Braker's motion is unopposed.

## Discussion

### I. Standard of Review

On a motion for summary judgment, the court must determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999) (citing Fed. R. Civ. P. 56(c)).  A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  If the nonmoving party fails to oppose the motion by evidence such as written objection, memorandum, or affidavits, the court "will accept as true all material facts set forth by the moving party with appropriate record support."  *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1999) (quoting *Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir. 1989)).  If the nonmoving party has failed to establish a triable issue of fact, summary judgment will not be granted unless "appropriate," and only if movants are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(e); *see Anchorage Assocs.*, 922 F.2d at 175.

### II. Page Fails to Establish a First Amendment Violation

Upon review of Braker's motion and supporting exhibits, it is clear that no material issue of fact exists and that Braker is entitled to summary judgment on Page's First Amendment claim.  To prevail on a First Amendment retaliation claim under § 1983, Page must establish: (1) constitutionally protected conduct; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the constitutionally protected conduct and the retaliatory action."  *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. ) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).  Here, Page cannot establish the second and third requirements.

#### A. Second Requirement: Gravity of the Retaliation

Under the second requirement for establishing a First Amendment retaliation claim, a

---

[1] Although Page did not specifically rely on any particular statute in his *pro se* complaint, we construe this action as having been brought under 42 U.S.C. § 1983.

3

plaintiff must establish that "the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Mckee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006) (quoting *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)); *see also Crawford-El v. Britton*, 523 U.S. 574, 589 n.10 (1998) ("The reason why such retaliation offends the Constitution is that it threatens to inhibit exercise of the protected right."). "'Determining whether a plaintiff's First Amendment rights were adversely affected by retaliatory conduct is a fact intensive inquiry focusing on the status of the speaker, the status of the retaliator, the relationship between the speaker and the retaliator, *and the nature of the retaliatory acts*.'" *Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003) (quoting *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000) (emphasis added)). Consequently, "courts have required that the nature of the retaliatory acts ... be more than *de minimis* or trivial.'" *Id.* (quoting *Suarez*, 202 F.3d at 686). For instance, courts have declined to find that actions adversely affected an individual's First Amendment rights where the actions were merely "'criticism, false accusations, or verbal reprimand.'" *Id.* (quoting *Suarez*, 202 F.3d at 686).

Examples of acts taken in retaliation for an individual's constitutionally protected speech are plentiful. For instance, in *Brennan*, the Third Circuit found that taking an employee off payroll and suspending him from duty in response to his protected speech supported a cause for illegal retaliation under § 1983. *Id.* On the other hand, another judge in this District found that a town commissioner's claim that she was "elbowed" by another commissioner after a meeting was *de minimis* and not an act sufficient to deter a person of ordinary firmness from exercising their First Amendment rights. *Hogan v. Twp. of Haddon*, No. 04-2036, 2006 U.S. Dist. LEXIS 87200, at *33-34 (D.N.J. Dec. 1, 2006). In the context of city councils that passed resolutions denouncing other politicians' acts, such as the present case, courts have required the resolution to not merely reprimand the offending politician but to mete out some form of official punishment. *Compare Zilich v. Longo*, 34 F.3d 359, 364 (6th Cir. 1994) (noting that a resolution expressing the disapproval and outrage of city council over former council member's conduct, but which did not contain any punishment or penalty, did not violate the plaintiff's First Amendment rights); *with Little v. North Miami*, 805 F.2d 962, 968 (11th Cir. 1986) (noting that a resolution subjecting appellant to official investigation and placing appellant in potential criminal, professional, and economic jeopardy stated a claim under the First Amendment).

Turning to the facts of our case, it is clear that any retaliatory conduct here was *de minimis* and did not rise to the level necessary to constitute a First Amendment violation. First and foremost, the censure resolution carried no consequences for Page's speech. Instead, it merely voiced the council's collective disapproval over his comments. This is clear from the second to last sentence in the resolution, which states that the "Council hereby disassociates itself from [Page's] remarks as they are not reflective of the governing body's feelings or sentiment towards any of our residents." (Till Aff., Exh. 6.) The Court cannot see how a mere showing of disapproval, expressed by a councilman's colleagues, and lacking any real force or punishment, could prevent a person of ordinary firmness from exercising his constitutionally protected speech. Accordingly, the Court finds that Page cannot establish the second requirement for proving a First Amendment retaliation claim.

Therefore, the Court shall grant Braker's motion for summary judgment and dismiss Page's First Amendment claim. Since this claim applies to each defendant in this action, Page's complaint is dismissed in its entirety.[2]

### B.   Third Requirement: Causal Link

The Court also notes that summary judgment can be granted in favor of Braker because Page cannot establish a "causal link" between Braker's conduct and the alleged retaliation. To establish causation, Page must show that Braker's conduct was "a substantial or motivating factor in the alleged retaliatory action." *see Green v. Phila. Housing Authority*, 105 F.3d 882, 885 (3d Cir. 1997). While the record clearly establishes that the council's actions were directly related to Page's comments, it is equally clear that Braker took no action whatsoever in response to Page's comments. Instead, the record shows that, throughout the entire censure process, Braker merely responded to various requests from Page and the council for legal advice regarding the resolution. Braker, as city attorney, was professionally obligated to provide such advice. Moreover, nothing in the record indicates in the slightest that Braker would have acted differently in response to any other request for legal advice from the council or Page. Accordingly, Page cannot establish a "causal link" between Braker's conduct and the retaliation.

### Conclusion

For the foregoing reasons, Braker's motion for summary judgment is **GRANTED** and Page's Complaint is **DISMISSED WITH PREJUDICE** in its entirety.[3] An appropriate Order accompanies this Letter Opinion.

                                       s/William J. Martini
                                       **William J. Martini, U.S.D.J.**

---

[2] The Court also notes that Page's complaint likely can be dismissed as to each of the remaining defendants on grounds of legislative immunity. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998); *see also Tenney v. Brandhove*, 341 U.S. 367, 373 (1951).

[3] Because this Court finds that the First Amendment was not violated, it need not address Braker's qualified immunity argument. *Sanford v. Stiles*, 456 F.3d 313 (3d Cir. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).